UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| REGINALD WILLIAMS JR.,<br><br>Plaintiff,<br><br>v.<br><br>TAYLOR M. KOCH, et al.,<br><br>Defendants.<br>_______________________________/ | Case No. 1:26-cv-1740<br><br>Hon. Robert J. Jonker<br>U.S. District Judge |

**REPORT AND RECOMMENDATION**

**I. Introduction**

*Pro se* Plaintiff – state criminal Defendant Reginald Williams Jr. – filed this lawsuit against Defendants Berrien County Prosecutor Taylor Koch, Berrien County Judge Sherri C. Frame, and Attorneys Rodney Williams, Dawn Smith, and Robert Reilman. ECF No. 1.

Plaintiff alleges that he has ongoing criminal charges for Criminal Sexual Conduct (CSC) - 2nd Degree in Berrien County, MI. *Id.*, PageID.3. Plaintiff claims that Defendants have violated his due process rights throughout the criminal proceedings. *Id.*, PageID.4.

On June 3, 2026, Plaintiff was granted *in forma pauperis* status. ECF No. 4.

The undersigned respectfully recommends that the Court dismiss Williams's Complaint because his criminal proceedings are ongoing.

**II. Factual Allegations**

Plaintiff asserts that he was arrested on a warrant on March 31, 2025. ECF

No. 1, PageID.3. He says he was subsequently arraigned on three counts of CSC 2nd Degree on April 2, 2025. *Id.* Plaintiff claims his preliminary examination was scheduled for April 9, 2025, but his attorney, Rodney Williams, falsified Plaintiff's signature to waive the exam. *Id.*

Next, Plaintiff says Attorney Williams withdrew from his case in July 2025. Plaintiff asserts the court assigned Attorney Dawn Smith as counsel. *Id.* Plaintiff says Attorney Smith appeared at a case conference on August 1, 2025, and scheduled a felony plea for September 5, 2025. *Id.* Plaintiff asserts he filed a grievance on Attorney Smith for unprofessional representation and requested replacement counsel. *Id.*, PageID.4.

Plaintiff says Attorney Robert Reilman replaced Attorney Smith. *Id.* However, Plaintiff claims Attorney Reilman falsely forged Plaintiff's name to reschedule a case conference. *Id.* Plaintiff states Attorney Reilman withdrew from his case in May 2026. *Id.*

After Attorney Reilman withdrew as counsel, Plaintiff says he was appointed Chief Assistant Public Defender Angela Easterday. *Id.* He claims the Berrien Court officials violated his due process rights under the "180-day ruling." *Id.* He asserts the charge lacks evidence. *Id.*

## III. Standard of Law

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on

which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**III. Analysis**

In the opinion of the undersigned, Plaintiff's Williams claims are barred to proceed in this court for several reasons.

First, Plaintiff's allegations are entirely conclusory. He fails to assert any allegations specific to Prosecutor Koch. Furthermore, Plaintiff claims that Attorneys Williams and Smith forged his name to reschedule court hearings. These allegations fail to rise to a plausible Fourteenth Amendment due process claim.

Additionally, Judge Frame is entitled to absolute judicial immunity. Judges are entitled to absolute judicial immunity for actions taken within a judge's judicial authority. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it"). Second, a judge is not immune for actions, though judicial in nature, that are taken in complete absence of all jurisdiction. *Id.* at 12; *Bright v. Gallia Cnty.*, 753 F.3d 639, 649 (6th Cir. 2014) (recognizing the difference between an "excess of jurisdiction and the clear absence of all jurisdiction over the subject matter[,]" and noting that only the latter deprives a judge of judicial immunity).

Here, Plaintiff has made no allegations that Judge Frame took an action outside her jurisdictional authority. Moreover, if Plaintiff is alleging that Judge Frame legally erred in a decision, his recourse is to file an appeal in the Michigan Court of Appeals. Not a federal lawsuit.

Additionally, this Court should not interfere in Plaintiff's state criminal proceedings. "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971). Generally, federal courts should abstain from deciding a matter that would interfere with pending state proceedings involving important state matters unless extraordinary circumstances are present. *Id.* at 44−55. This principle is based on notions of equity and comity, "and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44. A federal court may raise abstention *sua sponte*. *O'Neill v. Coughlan*, 511 F.3d 638, 641-42 (6th Cir. 2008).

*Younger* generally permits a federal court to abstain from considering a plaintiff's claims where: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal questions. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Criminal defendants "need be accorded only an opportunity to fairly pursue their constitutional claims in the ongoing state proceedings . . . and their failure to avail themselves of such

opportunities does not mean that the state procedures were inadequate." *Juidice v. Vail*, 430 U.S. 327, 337 (1977) (citing *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973)).

Exceptions to the *Younger* abstention doctrine have been recognized in the following circumstances: (1) where "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) where "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); and (3) where there is "an extraordinarily pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

The three factors supporting *Younger* abstention are present in this case. First, Plaintiff's case is pending in state court. Second, Plaintiff's criminal proceedings involve important state interests. *See Younger*, 401 U.S. at 43 (recognizing that when the state proceeding is criminal in nature, the policy against federal interference is "particularly" strong); *see also Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980) (stating that "*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings"). Third, the state court proceedings provide an adequate opportunity for Plaintiff to raise his claims.

More importantly, federal courts should abstain from interfering with state court matters, "unless extraordinary circumstances are present." *Marjamaa v.*

*Mitchell*, 2019 WL 5853486 at *1-2 (W.D. Mich., Nov. 8, 2019) (citing *Younger* at 44-55).

Plaintiff asserts that his state criminal proceedings are ongoing. In the opinion of the undersigned, Plaintiff's allegations fall well short of establishing the sort of extraordinary circumstances which would justify interference by this Court in a criminal proceeding. *Id*. Accordingly, an exception set forth in *Ex parte Young* does not apply.

## IV. Recommendation

Accordingly, the undersigned respectfully recommends that the Court **dismiss** the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because Judge Frame is entitled to absolute judicial immunity and because interference in Plaintiff's state court criminal proceedings is not justified in these circumstance.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: August 18, 2026

/s/ *Maarten Vermaat*
MAARTEN VERMAAT
U. S. MAGISTRATE JUDGE